UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN JOHN HAMILTON, CDCR #F-13607,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; RICHARD J. DONOVAN STATE PRISON; SCOTT KERNAN, Secretary, DANIEL PARAMO, Warden, R. RODRIGUEZ, Correctional Officer; HAMPTON, Correctional Sergeant; C. LEGGE, Correctional Officer; MEDICAL OF RICHARD J. DONOVAN STATE PRISON; DR. ERICA GAYLE; RICHARD JUMBA, Psychologist Technician; SIERRA RAMIREZ, Psychologist Technician; S. SHEPARD, Correctional Officer,<br><br>Defendants. | Case No.: 3:19-cv-1949-AJB-WVG<br><br>**ORDER**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2),**<br><br>**2) DISMISSING DEFENDANTS AND CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b),**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS RAMIREZ, RODRIGUEZ, HAMPTON, LEGGE, GAYLE, AND SHEPERD PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Elvin John Hamilton ("Plaintiff"), incarcerated at the California Correctional

Institution in Tehachapi, California, has filed a pro se civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* ECF No. 1, Compl.) Plaintiff claims that while he was incarcerated at Richard J. Donovan State Prison ("RJD") in San Diego, California, prison officials ignored or dismissed his repeated requests for medical care for chest pains. (*See generally id.* at 5-10.)

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. Section 1914(a) at the time of filing, and instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a). (*See* ECF No. 2.)

**I.    Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances. (*See* ECF No. 2, at 4-7.) These documents show that although he carried an average monthly balance of $47.26 and had $90.22 in average monthly deposits to his trust account for the six months preceding the filing of this action, Plaintiff had an available balance of just $0.05 at the time of filing. (*See id.* at 4-6.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) but declines to impose the initial $18.04 partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1) because his prison certificate indicates he may currently have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court directs the Secretary of the CDCR, or his designee, to collect the entire $350

balance of the filing fees required by 28 U.S.C. Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section1915(b)(1).

**II.  Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)**

A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

    B. <u>Plaintiff's Factual Allegations</u>

Plaintiff alleges that over the course of several days in October 2017, he told correctional officers and other staff at RJD that he was experiencing chest pains. (*See* Compl. at 5-10.) These complaints were shared with Defendants Shepard, Legge, Rodriguez, and Hampton, all of whom are correctional officers, as well as with Defendant Erica Gayle, a doctor, and Defendants Sierra Ramirez and Richard Jumba, described variously as psychologists or psychology technicians (collectively, the "Staff Defendants"). (*See id.* at 5-7.) During this period, Plaintiff also allegedly received medical records from earlier in the month indicating that he had a heart condition. (*See id.* at 5.) Despite his claimed chest pains and documented heart condition, Plaintiff contends that the Staff Defendants ignored, redirected, or dismissed his requests for medical attention, a pattern that continued even after Plaintiff fell to the ground holding his chest in pain. (*See id.* at 6.)

Plaintiff explains that he received medical attention only after speaking to an African-American correctional counselor, who sent Plaintiff to the medical unit. (*See id.* at 8.) Once there, a doctor examined Plaintiff and diagnosed him with bronchitis, prescribed medication (though not the pain medication Plaintiff wanted) and stated that Plaintiff "could've died" if he had not received medical attention. (*See id.* at 8-9.) The next day, Plaintiff again fell to the ground in pain and was finally prescribed pain medication. (*Id.* at 9.)

Plaintiff alleges that these actions violated his right to medical care, constituted cruel and unusual punishment, and were fraudulent and negligent. (*Id.* at 5.) Plaintiff

5

also alleges that delays in Defendants Rodriguez, Hampton, and Jumba's response to his complaints was the result of racism, recounting an incident later in 2017 in which a Caucasian inmate's complaints of chest pains triggered an immediate response. (*See id.* at 10.)

C. *Bivens*

Plaintiff's Complaint was filed pursuant to *Bivens*. (*See* Compl. at 1.) "In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against *federal* officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (emphasis added) (quoting *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

Defendants, however, are alleged to be state entities, state prison officials, and staff at a state correctional facility. (*See* Compl. at 2-4.) Thus, because "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*," *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991), and pro se pleadings are entitled to liberal construction, the Court will construe Plaintiff's Complaint as if it were filed pursuant to 42 U.S.C. Section 1983. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (noting court's duty to construe pro se prisoner's pleadings liberally when screening complaints pursuant to 28 U.S.C. Section 1915A) (citation omitted); *Hatcher v. Blake*, No. 3:18-cv-00561-MMA-MDD, 2018 WL 2267193, at *3 (S.D. Cal. May 17, 2018) (construing a complaint brought pursuant to *Bivens* as if it were filed pursuant to 42 U.S.C. Section 1983 because plaintiff claimed violations of his civil rights by state actors).

D. 42 U.S.C. Section 1983

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

      a.  <u>Claims Against Warden Paramo and Secretary Kernan</u>

Plaintiff's claims against Warden Paramo and Secretary Kernan for "professional negligence," (Compl. at 3) must be dismissed because supervisors may be held individually liable in a Section 1983 suit only if they engaged in some "culpable action, or inaction, [that] is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Supervisors like Paramo and Kernan "cause[]" a constitutional deprivation if they (1) personally participate in or direct a subordinate's constitutional violation; or (2) the constitutional deprivation can otherwise be "directly attributed" to the supervisors' own culpable action or inaction, even though the supervisors were not "physically present when the [plaintiff's] injury occurred." *Id.* at 1206-07; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted).

Plaintiff does not offer any "factual content" that would allow the Court to "draw the reasonable inference" that Paramo or Kernan *personally* participated in any of the allegedly unconstitutional conduct, or that the alleged conduct could otherwise be "directly attributed" to them. *See Iqbal*, 556 U.S. at 678 ("[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to show entitlement to relief). Rather than allege any facts demonstrating either individual's participation in the events alleged in the Complaint, Plaintiff asserts only that they engaged in "[p]rofessional [n]egligence," without explaining what actions, if any, they took. (*See* Compl. at 3.) Therefore, Plaintiff's claims against Defendants Paramo and Kernan are dismissed sua sponte based on Plaintiff's failure to state a plausible claim against either of them. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004; *see also Iqbal*, 556 U.S. at 678-79.

### b. Claims Against CDCR, RJD, and Medical of Richard J. Donovan Prison

Plaintiff's claims against three entities, the CDCR, RJD, and Medical of Richard J. Donovan Prison also must be dismissed. The CDCR, RJD, and medical department of RJD are not "persons" subject to suit under Section 1983 and are entitled to immunity from suit for monetary damages under the Eleventh Amendment. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53-54 (1996); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citing *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993)); *see also Dragasits v. California*, No. 3:16-cv-01998-BEN-JLB, 2016 WL 680947, at *3 (S.D. Cal. Nov. 15, 2016) ("The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not 'persons' subject to suit under § 1983." (citing *Groten*, 251 F.3d at 851)); *Bridgeman v. Education Dep't*, No. 11-cv-0387-JLS-CAB, 2011 WL 2532413, at *1 (S.D. Cal. June 24, 2011) (dismissing claims against the "Education Department" and the "Law Library" of RJD because they are not "persons" and are immune from suit under the Eleventh Amendment). Accordingly, Plaintiff's claims against these Defendants are dismissed sua sponte for failure to state a plausible claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

### c. Official Capacity Claims Against All Defendants

Plaintiff's allegations that Defendants violated his constitutional rights in their official capacities must also be dismissed. The Complaint includes check boxes to indicate whether Plaintiff intends to sue Defendants in their individual or official capacities, or both. (*See* Compl. at 2-3.) Plaintiff checked the boxes for both. (*See id.*) "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As a result, Plaintiff's official capacity claims must be dismissed sua sponte for failure to state a claim because: (1) there is no conduct by a "person" as required for a claim under Section 1983, and (2) the Eleventh Amendment bars suits for damages against state officials sued in their official capacity absent an

express waiver of immunity by Congress or the state, neither of which is present under these circumstances. *See id.*; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

### d. Remaining Claims in Count I against Defendants Rodriguez, Hampton, Jumba, Legge, Gayle, Ramirez, and Shepard

As currently pleaded, the Court finds that Count I of Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state an Eighth Amendment claim against Defendants Rodriguez, Hampton, Legge, Gayle, Ramirez, and Shepard in their personal capacities that is "plausible on its face," *Iqbal*, 556 U.S. at 678, and, therefore, is sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment); *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) ("Deliberate indifference 'may appear when prison official deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care.'" (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988))). Therefore, the Court will order the U.S. Marshal to effect service upon Defendants Rodriguez, Hampton, Legge, Gayle, Ramirez, and Shepard on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

The Court will not do the same, however, with Plaintiff's claim in Count I against Defendant Jumba, which must be dismissed. The Complaint alleges that Jumba, after Plaintiff reported that he was experiencing chest pains and had a heart condition, told Plaintiff to "'hold on'" and that medical personnel would see him later. (*See* Compl. at 5 (quoting Jumba).) This is insufficient to state an Eighth Amendment claim, which requires

more than "mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment . . . ." *Bond v. Arrowhead Regional Med. Ctr.*, No. ED CV 11-2049-DDP (PLA), 2015 WL 509826, at *13 (C.D. Cal. Feb. 5, 2015) (citing *Estelle*, 429 U.S. at 105-07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. Of State Prison Commr's*, 766 F.2d 404, 407 (9th Cir. 1985)); *see also Shapley*, 766 F.2d at 407 ("[M]ere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . ."). Therefore, the Court dismisses Count I against Defendant Jumba sua sponte based on Plaintiff's failure to state a plausible Eighth Amendment claim against him. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

e. <u>Count II</u>

In Count II, Plaintiff alleges that Defendants Rodriguez, Hampton, and Jumba violated Plaintiff's civil rights by treating him differently than a Caucasian inmate who experienced similar chest pains approximately a month after Plaintiff. (*See* Compl. at 10.) Unlike in Plaintiff's case, Defendants Rodriguez, Hampton, and Jumba promptly sounded the alarm when this inmate complained of chest pains and ensured that he received immediate medical attention. (*See id.*)

Although Plaintiff does not label it as such, the Court liberally construes this claim as one under the Equal Protection Clause of the Fourteenth Amendment, which "commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws . . . .'" *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)); *see Resnick*, 213 F.3d at 447 (pro se pleadings are to be liberally construed). The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne*, 473 U.S. at 439. A plaintiff alleging denial of equal protection based on race must allege intentional discrimination or facts susceptible to a reasonable inference of discriminatory intent. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998); *see also City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*,

538 U.S. 188, 193-94 (2003) ("'[P]roof of racially discriminatory intent or purpose is required' to show a violation of the Equal Protection Clause." (quoting *Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265 (1977))).

Despite the benefit of liberal construction, Count II fails to state a claim for denial of equal protection. Although the clear implication of Plaintiff's allegations is that he is African-American, and thus a member of a protected class, he does not allege that fact in his Complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) ("'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff *based upon membership in a protected class*.'" (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added))). More importantly however, and even assuming that Plaintiff is African-American, Plaintiff does not allege facts showing that the different responses to Plaintiff's and the Caucasian inmate's complaints of chest pain were a result of intentional racial discrimination, nor do the facts alleged give rise to a reasonable inference of discriminatory intent. *See, e.g.*, *Richardson v. Pletting*, No. 5:18-cv-00961-CJC-KES, 2018 WL 6314198, at *9 (C.D. Cal. July 30, 2018) (distinguishing between allegations against correctional officers who made statements suggesting intent to discriminate based on race, and "speculative assertions" that other prison officials harbored racist views); *Holmes v. Baca*, No. 3:17-cv-00320-RCJ-WGC, 2018 WL 5815544, at *3 (D. Nev. Nov. 6, 2018) (concluding that plaintiff stated equal protection claim against one defendants who "generally treats inmates differently in several contexts . . . based on race" while dismissing claims against other defendants where the allegations did not indicate a racially discriminatory motive). As a result, Count II is dismissed sua sponte for failure to state a plausible equal protection claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

///

///

f. <u>Injunctive Relief</u>

Finally, the Complaint seeks "[a]n injunction preventing defendant(s): California Department of Correction and Rehabilitation, Sierra Ramirez, Dr. Erica Gayle, Richard J. Donovan State Prison, C. Legge, R. Rodriguez, Richard Jum[b]a, Sergeant Mr. Hampton." . (Compl. at 13.) The Complaint does not, however, explain what it seeks to prevent these Defendants from doing. This open-ended demand for an injunction is insufficient: to grant an injunction the Court must be able to "state [the injunction's] terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." *See* Fed. R. Civ. P. 65(d)(1)(B)-(C). Thus, Plaintiff's demand for injunctive relief is dismissed sua sponte for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

**III.    Conclusion and Orders**

For the reasons discussed, the Court:

1)    **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2)    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

4)    **DISMISSES** Plaintiff's claims against Defendants Paramo, Kernan,

12

3:19-cv-1949-AJB-WVG

CDCR, RJD, Medical of Richard J. Donovan Prison, and Jumba in their entirety sua sponte for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and **DIRECTS** the Clerk to terminate Defendants Paramo, Kernan, CDCR, RJD, Medical of Richard J. Donovan Prison, and Jumba as parties to this action;

5) **DISMISSES** Plaintiff's claims against Defendants in their official capacities, Count II of the Complaint, and Plaintiff's demand for injunctive relief sua sponte for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b);

6) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants Rodriguez, Hampton, Legge, Gayle, Ramirez, and Shepard and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where these Defendants may be served*, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

7) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Rodriguez, Hampton, Legge, Gayle, Ramirez, and Shepard as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

8) **ORDERS** the Defendants Rodriguez, Hampton, Legge, Gayle, Ramirez, and Shepard, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional

13

3:19-cv-1949-AJB-WVG

facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

9) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on the Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: January 16, 2020

Hon. Anthony J. Battaglia
United States District Judge