UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN JOHN HAMILTON,<br><br>          Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>          Defendants. | Case No.: 19-cv-1949-AJB (DEB)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>**[DKT. NO. 10]** |

  This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(e) and 72.3(e).

  Plaintiff Elvin John Hamilton is an inmate at R.J. Donovan Correctional Facility ("RJD"). On October 7, 2019, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 claiming that RJD staff violated his civil rights by failing to respond appropriately to his medical emergency. Dkt. No. 1.

On October 9, 2020, Defendants R. Rodriguez, E. Corleone,[1] S. Ramirez, D. Hampton, and C. Legge filed a Partial Motion to Dismiss. Dkt. No. 10.[2] On October 23, 2020, Plaintiff filed an Opposition. Dkt. No. 15. On November 24, 2020, Defendants filed a Reply. Dkt. No. 16. For the following reasons, the Court recommends GRANTING in part and DENYING in part Defendants' Motion.

## I.     PLAINTIFF'S FACTUAL ALLEGATIONS

The following facts are taken from Plaintiff's Complaint and are limited to the claims relating to the pending Motion.[3]

On October 26, 2017, Plaintiff told Defendant Shepard, an RJD correctional officer, that he was experiencing chest pains. Dkt. No. 1 at 5. Shepard referred Plaintiff to Defendant Ramirez, a psychologist technician, who was not available to help. *Id*. Three hours later, Plaintiff went to the prison medical area where Defendant Corleone refused Plaintiff's requests for pain medications, but instead gave Plaintiff a single pain pill and an inhaler. *Id*.

On October 27, 2017, while on "C" yard, Plaintiff again experienced chest pains and shortness of breath. *Id*. Plaintiff reported his chest pains to Defendant Ramirez and requested that Ramirez call medical. *Id*. Ramirez refused. *Id*. at 5–6. This prompted Plaintiff to "go man down" in an effort to get medical aid. *Id.* at 6. Defendants Legge and Rodriguez witnessed Plaintiff's "man down," but did not summon assistance, even after

---

[1]     Plaintiff erroneously named E. Corleone as Erica Gayle in the Complaint. *See* Dkt. No. 10 at 2.

[2]     The Court presumes Defendant S. Shepard was inadvertently excluded from being named as a moving party in Defendants' Motion. This Report and Recommendation, therefore, also applies to Plaintiff's claims against Defendant Shepard.

[3]     For purposes of this Motion, the Court assumes the truth of the allegations in Plaintiff's Complaint. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) ("On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true. . . .").

Plaintiff informed them that he was in medical distress. *Id*. Legge and Rodriguez instead ordered Plaintiff to get off the floor. *Id*. Plaintiff stood up and informed Defendant Hampton about his chest pains and that he intended to wait for medical attention in the day room. *Id*. at 7. Hampton placed Plaintiff in handcuffs and escorted him to the "C" Section shower where he threatened to throw Plaintiff "into the hole on a fake lock up order." *Id*. at 7.

Approximately one hour later, Rodriguez escorted Plaintiff to medical where a doctor diagnosed Plaintiff with bronchitis, prescribed cough medicine, and stated that Plaintiff "could've died" if he had not received medical attention. *Id*. at 8.

On October 29, 2019, Plaintiff was prescribed pain medication, but only after he laid down in the "chow hall," which prompted an officer to take him to medical. Dkt. No. 1 at 9.

Plaintiff alleges that Defendants' delays in responding to his complaints violated his right to medical care, constituted cruel and unusual punishment, and were fraudulent and negligent. *Id*. at 5.

## II. PROCEDURAL BACKGROUND

On October 7, 2019, Plaintiff filed the instant Complaint. Dkt. No. 1. On January 16, 2020, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and dismissed: (1) Plaintiff's claims against Paramo, Kernan, CDCR, RJD, Medical of Richard J. Donovan Prison, Jumba, and all Defendants in their official capacity; (2) Count II of the Complaint alleging Equal Protection Clause violations; and (3) Plaintiff's request for injunctive relief. Dkt. No. 3. On October 9, 2020, Defendants filed this Partial Motion to Dismiss Plaintiff's state law and official capacity claims. Dkt. No. 10.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court must "construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

The Court must liberally construe a *pro se* complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

## IV.   DISCUSSION

Defendants move to dismiss Plaintiff's state law and official capacity claims. They claim Plaintiff failed to exhaust his state tort claim procedures because he did not submit a claim under the California Government Claims Act within six months of the incidents alleged in the Complaint. Dkt. No. 10 at 5. In his Opposition, Plaintiff argues that he exhausted his administrative remedies with CDCR, but there "is no way that a [CDCR] inmate may file a state claim no more than six months from the date of incident." Dkt. No. 15 at 2.

For the reasons discussed below, the Court agrees that Plaintiff failed to exhaust his state law claims, and, therefore, recommends their dismissal. Because Plaintiff's claims against Defendants in their official capacity were previously dismissed, Dkt. No. 3 at 8, 13, the Court recommends denying Defendants' second ground for dismissal as moot.

**A. State Law Claims**

Plaintiff's Complaint alleges three California state common law claims against Defendants: (1) medical malpractice, (2) fraud, and (3) professional and medical negligence. Dkt. No. 1 at 5. Defendants argue these state law claims are barred for failure to comply with California's Government Claims Act (Cal. Gov. Code § 911.2) because Plaintiff did not file a claim with the Department of General Services within six months of accrual of the claims at issue. Dkt. No. 10 at 5.

### i. *Judicial Notice*

In support of their Motion, Defendants request the Court take judicial notice of the following records from the California Department of General Services Government Claims Program ("GCP"): (1) a declaration from a legal analyst attesting that a search of the GPC's Standardized Insurance Management System computer database reflects that Plaintiff did not file a claim regarding the incidents alleged in his Complaint; and (2) a certification from a GPC staff services manager confirming the Attorney General's Office has read-only access to the GPC's computer database. Dkt. No. 10-1 at 4–5.

A court may take judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Whether a tort claim has been presented to a public entity is subject to judicial notice. *See Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1048 n.3 (9th Cir. 2001) (taking judicial notice of statement of claim filed with the California Victim Compensation and Government Claims Board); *see also Elliott v. Amador Cnty. Unified Sch. Dist.*, No. 12-cv-117-MCE-DAD, 2012 WL 5013288, at *7 (E.D. Cal. Oct. 17, 2012) (collecting cases). Accordingly, the Court recommends GRANTING Defendants' Request for Judicial Notice (Dkt. No. 10-1).

### ii. *California's Government Claims Act*

A claimant must present a tort claim against a public entity or its employees to the California Department of General Services no more than six months after the cause of action accrues. Cal. Gov't Code § 911.2. A claimant may not file suit against the entity or its employees until the claimant has presented a claim and the entity has either acted on the

claim or is deemed to have rejected it. Cal. Gov't Code § 945.4; *State of California v. Superior Court (Bodde)*, 90 P.3d 116, 119 (Cal. 2004) ("Under [the Government Claims Act], failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."). Compliance with the claims presentation requirement is an element of the cause of action that a plaintiff must plead. *Bodde*, 90 P.3d at 122. Failure to allege facts demonstrating or excusing compliance subjects a complaint to dismissal for failure to state a claim. *Id*. This pleading requirement applies in federal court. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) ("The amended complaint fails to allege compliance with California tort claim procedures. The district court properly dismissed the state law tort claims.").

Plaintiff's Complaint does not allege that he submitted a timely claim pursuant to the Government Claims Act. Despite this, Plaintiff argues that he timely exhausted his administrative remedies through the inmate appeals process. Dkt. No. 15 at 2. Plaintiff further argues that by following the inmate appeals process, there is not enough time to also file a state claim "no more th[a]n six months from the date of the incident." *Id*.

Plaintiff appears to be combining two separate and distinct exhaustion requirements. The Prison Litigation Reform Act ("PLRA") requires Plaintiff to use the inmate appeals process provided by the prison and exhaust those administrative remedies prior to filing an action under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Defendants do not dispute that Plaintiff has met this requirement. Dkt. No. 16 at 1–2. However, the PLRA does not affect Plaintiff's state law claims; these claims are subject to a separate exhaustion requirement under the Government Claims Act. *Rumbles v. Hill*, 182 F.3d 1064, 1070 (9th Cir. 1999) ("[W]e hold that California Tort Claims Act procedures — including the requirement that a state tort claim first be presented to the California State Board of Control — are not 'available administrative remedies' that a prisoner must exhaust for purposes of section 1997e(a).")

(*overruled on other grounds by Booth v. Churner*, 532 U.S. 731 (2001)); *see also Martinez v. Tilton*, No. 10-cv-01501-SKO-PC, 2013 WL 5670869, *3 (E.D. Cal. Oct. 16, 2013) ("[T]he prison's inmate appeals process and the Government Claims Act process are separate processes and there is no support for a finding that the allegedly improper cancellation of Plaintiff's inmate appeal had any effect whatsoever on his ability to timely present his Government Claims Act claim. . . ."); *Bagdasaryan v. City of Los Angeles*, No. 15-cv-01008-JLS-KES, 2019 WL 7985185, at *7 (C.D. Cal. Nov. 26, 2019) ("California courts 'exclude the time during which a litigant reasonably pursues his administrative remedy from the six-month time limit for filing a court action after the Board of Control rejects a government tort claim'" however, "this tolling applies <u>after</u> a person presents a claim under the [Government Claims Act]; it does not toll the time for filing a claim in the first instance.") (emphasis in original) (internal citation omitted). Because Plaintiff has not pleaded compliance with the Government Claims Act and the judicially noticeable facts establish that he did not present his state law claims, the Court recommends dismissing Plaintiff's state law claims.

### iii.   *Leave to Amend*

Because Plaintiff's claims accrued in October 2017, the statutory time frame for presenting a claim (six months after claim accrual) has lapsed. Cal. Gov. Code § 911.2. The statutory exception that would enable Plaintiff to present a late claim requires Plaintiff to plead and prove "that he did not know or have reason to know" within the statutory time frame that "the injury he alleges was caused by the act or omission of a public entity or employee." Cal. Gov. Code § 950.4. Plaintiff's Complaint, however, demonstrates that he knew about the relevant facts on, if not before, November 10, 2017, when he submitted his initial grievance with RJD. *See* Dkt. No. 1 at 16. That grievance for "staff misconduct on a 'man down,'" alleged that Plaintiff informed Defendants: "I'm in pain, I'm having chest pains, trouble breathing, and I have heart problems," and "[o]n 10-27-17[,] I went man down in C-Section of my building . . . c.o. C. Legge and c.o. R. Rodriguez didn't activate the CDCR alarm button," and "Sgt. Mr. Hampton said 'he was putting me AO-Seg' on

false security concerns. . . ." *Id*. at 16, 18. In that same grievance, Plaintiff further alleges that he was later diagnosed with bronchitis and that Defendants' failure to follow "CDCR policy, procedures, [and] protocol . . . put [his] life span at risk." *Id*. at 18. On or about November 27, 2017, Plaintiff also filed a "Health Care Grievance" with the California Correctional Health Care Services complaining about the primary care provider's treatment. *See id*. at 40 ("Health Care Grievance, received on November 27, 2017"). These allegations establish that Plaintiff knew that Defendants caused the injuries that give rise to the state law claims before the claim presentation deadline expired. The Court, therefore, recommends that Plaintiff's medical malpractice, fraud, and professional and medical negligence claims for relief be DISMISSED without leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (A district court may deny a plaintiff leave to amend "if it determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

### B. Claims Against Defendants in Their Official Capacity

Defendants' argument that "they are immune from liability in their official capacity" is moot because the Court already dismissed these allegations. Dkt. No. 3 at 8, 13. Accordingly, the Court recommends DENYING Defendants' Motion to Dismiss the official capacity claims as moot.

### V.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) dismissing without leave to amend Plaintiff's claims for medical malpractice, medical fraud, and professional and medical negligence.

**IT IS ORDERED** that no later than **February 23, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **March 9, 2021**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: February 2, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge