UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN JOHN HAMILTON,<br><br>                     Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>                     Defendants. | Case No.: 3:19-cv-01949-AJB-DEB<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; and**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>**(Doc. Nos. 10, 23)** |

     Before the Court is Defendants' partial motion to dismiss *pro se* prisoner Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. No. 10.) Plaintiff alleges that prison staff violated his civil rights by failing to respond appropriately to his medical emergency in October 2017. (Doc. No. 1.) Among other things, Plaintiff's Complaint asserts state law and official capacity claims. The Court referred the matter to United States Magistrate Judge Daniel E. Butcher for a Report and Recommendation

---

[1] "Defendants" are R. Rodriguez, E. Corleone, S. Ramirez, D. Hampton, and C. Legge. Plaintiff erroneously named E. Corleone as Erica Gayle in the Complaint.

1

("R&R"). The R&R advises the Court to grant Defendants' motion to dismiss Plaintiff's state law claims for medical malpractice, fraud, and professional and medical negligence, and deny as moot Defendant's motion to dismiss the official capacity claims. (Doc. No. 23 at 7, 8.)[2] Plaintiff filed a timely objection to the R&R. (Doc. No. 24.) For the reasons set forth below, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R in its entirety, and accordingly, **GRANTS IN PART AND DENIES IN PART** Defendants' partial motion to dismiss.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a *de novo* determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). "The statute [§ 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). Thus, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Reyna-Tapia*, 328 F.3d at 1123.

Additionally pertinent, a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, i.e. whether the complaint lacks either a cognizable legal theory or facts sufficient to support such a theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citations omitted). For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] The page citations refer to the ECF-generated page numbers at the top of each filing.

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the motion, the court "must accept as true all of the allegations contained in a complaint," but it need not accept legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "If the Court finds that the plaintiff did not allege sufficient facts 'to raise a right to relief above the speculative level' and support a cognizable legal theory, it may dismiss the complaint as a matter of law." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).

## II. DISCUSSION[3]

Magistrate Judge Butcher recommended that the Court grant Defendant's motion to dismiss Plaintiff's state law claims because Plaintiff failed to plead facts demonstrating or excusing his compliance with California's Government Claims Act—an element necessary to pursue his state law claims. (Doc. No. 23 at 5–6.) *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) ("The amended complaint fails to allege compliance with California tort claim procedures. The district court properly dismissed the state law tort claims."). According to the Government Claims Act, a claimant must present a tort claim against a public entity or its employees to the California Department of General Services no more than six months after the cause of action accrues. Cal. Gov't Code § 911.2. A claimant may not file suit against the entity or its employees until the claimant has presented a claim, and the entity has either acted on the claim or is deemed to have rejected it. Cal. Gov't Code § 945.4. Because Plaintiff did not plead compliance with the Government Claims Act and the judicially noticeable California government records established that he did not present his state law claims to the California Department of General Services, the Magistrate Judge recommended dismissal of Plaintiff's state law claims. (Doc. No. 23 at 5–7.) The Magistrate Judge further recommended that dismissal be

---

[3] The R&R provides a thorough and unobjected to recitation of the procedural and factual background of this case. (Doc. No. 23 at 2–3.) The Court therefore finds it unnecessary to repeat them here. Instead, the Court will reference only the facts relevant to resolving Plaintiff's objection.

without leave to amend, finding that "[b]ecause Plaintiff's claims accrued in October 2017, the statutory time frame for presenting a claim (six months after claim accrual) has lapsed," and the statutory exception that would permit him to file a late claim did not apply to him. (*Id.* at 7.)

Although unclear, it appears that Plaintiff objects to the Magistrate Judge's finding that his state law claims must be dismissed without leave to amend because he is unable to avail himself of the statutory exception for compliance with California's Government Claims Act. (Doc. No. 24 at 1.) In his objection, Plaintiff asserts that due to "C.D.C.R. state prison policies of lockdowns," he could not obtain a tort claim form from the prison libraries. (*Id.*) The Federal Rules of Civil Procedure require that a party "file specific written objections to the proposed findings and recommendations" and that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been *properly objected to*." Fed. R. Civ. P. 72(b) (emphasis added). Even in granting due leniency given Petitioner's *pro se* status, the objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citation and internal quotations omitted). Plaintiff's reference to "several lockdowns," is not specific enough for the Court to evaluate the merits of his objection. The Court therefore finds his objection unavailing.

To the extent that Plaintiff is referring to prison lockdowns related to preventing the spread of COVID-19, such lockdowns took place in 2020—well after Plaintiff's claims accrued in 2017. Thus, the lockdowns could not have prevented him from filing within six months of October 2017, when his claims accrued. Notably, on November 9, 2017, Plaintiff was able to file a grievance form about the October 2017 incidents with the prison. (Doc. No. 1 at 16.) This indicates to the Court that Plaintiff could have, but failed to, file a tort claim against the prison staff to the California Department of General Services. As such, even when construed liberally, Plaintiff's vague assertion about lockdowns is insufficient. Accordingly, the Court will overrule Plaintiff's objection and adopt the Magistrate Judge's

4

3:19-cv-01949-AJB-DEB

findings on his state law claims. There being no other objections to the Magistrate Judge's R&R and having reviewed it in its entirety, the Court finds it well-reasoned and contains no clear error. Accordingly, the Court will adopt the R&R in its entirety.

### III. CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's Objections (Doc. No. 24), **ADOPTS** the R&R in its entirety (Doc. No. 23), and **GRANTS IN PART AND DENIES IN PART** Defendants' partial motion to dismiss (Doc. No. 10).

**IT IS SO ORDERED**.

Dated: June 29, 2021

Hon. Anthony J. Battaglia
United States District Judge